UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-22659-CIV-MOORE
(Criminal Case No. 99-6153-CR-MOORE(s)(s)(s)(s))

**FABIO OCHOA-VASQUEZ,**

v.                            Movant,

**UNITED STATES OF AMERICA,**

   **Respondent.**
                    /

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO CLAIM VI OF OCHOA'S MOTION TO VACATE HIS SENTENCE PURSUANT TO 28 U.S.C. §2255 UPON REMAND OF OCHOA'S APPEAL OF THE DENIAL THAT MOTION**

  The United States of America files this supplemental memorandum in response to Claim VI of Ochoa's motion to vacate his sentence pursuant to 18 U.S.C. § 2255. Ochoa's Claim VI should be denied without an evidentiary hearing because Ochoa was represented by conflict-free counsel from initial appearance through trial and direct appeal, and cannot show that his Sixth Amendment right to effective assistance of counsel was violated by any conflict of interest with former attorney Joaquin Perez, who briefly represented Ochoa long before he was extradited and tried and who never represented any witness in Ochoa's trial.

**Procedural Background[1]**

  All of the issues raised in Ochoa's § 2255 motion have been resolved except for his claim

---

[1] Because the underlying record is extensive, we cite to the criminal docket as CRDE, and the civil docket as CVDE; and we cite to the appellate decision *United States v. Ochoa-Vasquez*, 428 F.3d 1015 (11th Cir. 2005) ("*Ochoa I*"), which was the direct appeal of the criminal case, referring to its record when practicable rather than the records in the two district court cases involved in that appeal.

1

that attorney Joaquin Perez, who briefly represented Ochoa before he was extradited to the United States, had rendered ineffective assistance of counsel because he was laboring under actual conflicts of interest that prejudiced Ochoa and deprived him of his Sixth Amendment right to conflict free representation (Claim VI) (CVDE:10:112-128). This Court, at the government's urging, denied Ochoa's conflict of interest claim on procedural grounds (CVDE:145), and the Eleventh Circuit reversed that ruling, remanding the matter to this Court for consideration and analysis on the merits, *Ochoa v. United States*, __ F.App'x __, 2014 WL 2853736 (11th Cir. June 24, 2014).[2] Because the Eleventh Circuit refused to grant a COA on any of Ochoa's other § 2255 claims, *id*. at 3, the scope of proceedings on remand is limited to the Perez conflict arguments raised in Claim VI.

Claim VI in Ochoa's Amended § 2255 Motion has three components. First he argues that Joaquin Perez represented Nicolas Bergonzoli in Bergonzoli's own criminal case and Perez opposed an emergency motion to unseal information related to Bergonzoli's cooperation with the government in Bergonzoli's separate criminal case. According to Ochoa, the sealed documents were necessary in order for Ochoa to determine whether to call Bergonzoli as a defense witness in Ochoa's trial. Second, Ochoa argues that Perez failed to pursue a legitimate pre-extradition global plea agreement disposing of all of Ochoa's criminal charges in the United States due to

---

[2] To be sure, this Court has previously found on the merits that Ochoa has failed to prove an actual conflict of interest with Perez. Denying Ochoa's new trial motion, this Court held: "Ochoa has failed to sufficiently allege any facts that point to an actual conflict which would entitle him to relief. Joaquin Perez did not represent the Defendant at trial nor did he represent any witnesses against Ochoa. Accordingly, based on a lack of evidence of 'inconsistent interests' this court finds no sixth amendment violation." (CRDE:1551:2; *see also* CRDE:1389; CRDE:1606:5). However, Ochoa alleged some new facts in his § 2255 motion. In the latest

2

Perez's loyalty to Bergonzoli. Finally, Ochoa argues that Perez represented Hector Londono, a witness in Ochoa's trial because Perez had a brief conversation with Londono in Colombia while Londono awaited extradition to the United States.

## **Factual Background**

Attorney Perez was retained in 2000 by Ochoa's brother, Jorge, while Ochoa was detained at a prison in Colombia pending extradition to the United States in this case (CRDE:1087; Affidavit of Joaquin Perez, Exhibit 1 to this response, swearing to accuracy of statements in CRDE:1087). Perez's representation was limited to discussing possible options regarding Ochoa's criminal case (CRDE:1087:6 n.4; Exhibit 1 [Perez Affidavit]). After initially meeting with Ochoa in Colombia before the extradition, Mr. Perez did not represent Ochoa further (Exhibit 1 –Affidavit of Joaquin Perez).

Before he was extradited to the Southern District of Florida, Ochoa hired attorney Jose Quinon, who represented Ochoa at his initial appearance and arraignment on September 10, 2001, and until Mr. Quinon's representation was terminated on April 15, 2002 (CRDE:507-509, 783). By the time of Ochoa's initial appearance in this case, it was clear that Perez's limited representation of Ochoa had ended. In fact, according to pleadings filed by Ochoa in his criminal case and related appeals, Quinon's representation of Ochoa in matters related to his criminal case began at least as early as February 14, 2000-- eleven days before Perez met with Ochoa (CRDE 987:64-65; CRDE 1331:17-18; Initial Brief in CA11 Case No. 03-11590 at 8; Initial Brief in CA11 Case No. 03-14400 at 9 ["Ochoa . . . in February [2000], fired Perez and

---

appeal, the Eleventh Circuit simply held that this Court must address the merits of the issue in resolving the Section 2255 motion.

3

authorized his new counsel, Jose M. Quinon, to blow the whistle on the Program. . ."] (citing (CRDE 987:64-65; CRDE 508; CRDE 1331:17-18); *Ochoa I*, 428 F.3d at 1023).

After Mr. Quinon's representation was terminated on April 15, 2002 (CRDE:507-509, 783), attorneys Roy Black and Howard Srebnick, took over the representation of Ochoa from April 15, 2002, through trial and sentencing (CRDE:783, 1442, 1561). They also represented Ochoa during litigation of his motion for new trial based on unsealed documents from the Bergonzoli criminal case and three appeals related to Ochoa's conviction and the denial of his new trial motion (CRDE:1637, 1641).

In contrast, Mr. Perez never filed a written notice of appearance in court on behalf of Ochoa. Mr. Perez never personally appeared in court on behalf of Mr. Ochoa. Mr. Perez never filed any pleadings on behalf of Mr. Ochoa. Ochoa has not alleged that Mr. Perez ever obtained from Mr. Ochoa any privileged information.

Mr. Perez did file a motion to intervene in Ochoa's criminal case "for the limited purpose" of addressing the allegations in Ochoa's motion to dismiss the indictment that pertained directly to Perez or his clients, including Nicolas Bergonzoli, who was neither charged nor a witness in Ochoa's case (CRDE:1087; Exhibit 1 [Perez Affidavit]). Perez also filed a motion to quash Ochoa's subpoena issued for Bergonzoli's testimony (CRDE: 1341). The docket sheet does not contain any order granting the motion to quash the subpoena. Ochoa concedes in his Amended Motion to Vacate that *the defense* elected not to call Bergonzoli as a witness in his trial (CVDE:10-1: 117).

In his motion to intervene, Perez stated that he had represented Bergonzoli since 1998. Perez also stated that he had represented Ochoa in a "very limited representation" (CRDE:1087:6

4

n.4; Exhibit 1 [Perez Affidavit]). Perez denied Ochoa's allegations that Perez had tried to induce Ochoa to pay Baruch Vega millions of dollars to join "the Program," an alleged scheme to extort payment from charged drug traffickers in exchange for reduced sentences. Perez stated that Ochoa had misstated facts and taken some of Perez's recorded statements out of context in Ochoa's motion to dismiss his indictment (CRDE:1087:1-9; Exhibit 1 [Perez Affidavit]). Perez cited specific excerpts in the transcripts refuting Ochoa's allegations of extortion and directly contradicting Ochoa's claims. (*Id.*).

Attorney Joaquin Perez never represented Ochoa's co-defendant Hector Londono in his criminal case (CRDE:308). Mr. Perez never filed a written notice of appearance in court on behalf of Londono. (*Id.*) Mr. Perez, never personally appeared in court on behalf of Mr. Londono. (*Id.*). Mr. Perez never filed any pleadings on behalf of Mr. Londono. Mr. Perez's only interaction with Londono was during a brief meeting when Londono was incarcerated in Colombia prior to his extradition. They did not discuss any details of the criminal case (Exhibit 1 [Perez Affidavit]). Consistent with Perez's account of their brief exchange, Londono testified at Ochoa's trial that his contact with Perez was limited to a single conversation during Londono's pre-extradition incarceration in Colombia (on the same day Perez visited fellow inmate Ochoa), and Perez's sole comment was a suggestion that Londono try to reach a cooperation agreement with the government after his extradition to the United States (CRDE 1578:30). Ochoa does not allege that Mr. Perez obtained any privileged information from Mr. Londono. Ochoa relies solely on the isolated comment mentioned by Londono during Ochoa's trial. Attorney Glenn Kritzer represented Londono from his initial appearance and arraignment through his guilty plea and sentencing (CRDE:305-308, 407, 422).

**Argument**

**Ochoa's Sixth Amendment Claim is Meritless Because He Enjoyed Conflict-Free Representation at Every Critical Stage of the Proceedings**

Ochoa cannot prove a Sixth Amendment violation. *Hill v. Lanahan*, 697 F.2d 1032, 1036 (11th Cir. 1983) (burden is on petitioner in a habeas proceeding to prove that his conviction was unconstitutional). The Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. Attaching at trial and certain "critical" pretrial proceedings, the Sixth Amendment right to counsel gives criminal defendants a right to conflict free representation. *See Lumley v. City of Dade, Fla.*, 327 F.3d 1186 (11th Cir. 2003) (citations omitted).[3]

Generally, in order to prove a Sixth Amendment violation, a defendant must show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). There is an exception to this general rule requiring proof of a probable effect on the outcome, where assistance of counsel has been denied entirely or during a critical stage of the proceedings. *Mickens v. Taylor*, 535 U.S. 162, 166 (2002) (citing *United States v. Cronic*, 466 U.S. 648, 658-59 (1984), among others). An exception is made in these situations because "the likelihood that the verdict is unreliable is so high that a case-by-case inquiry is unnecessary." *Mickens*, 535

---

[3] What is critical about these situations is that, in the case where the Sixth Amendment challenge arises, *the conflicted attorney must be representing* the defendant. Here, Perez neither represented Ochoa at any point from initial appearance through sentencing, nor did Perez represent an active witness against Ochoa, so that Perez was not in a position to either mishandle client confidences or broker opposing client interests. There were no "inconsistent interests."

U.S. at 166. It is only in "'circumstances of that magnitude'" that a court foregoes the prejudice inquiry required by *Strickland.*

In order to obtain relief for a Sixth Amendment violation based on conflict of interest, Ochoa must demonstrate that an actual conflict of interest adversely affected *his trial counsel's* performance. *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980); *accord Mickens* 535 U.S. at 168. First, the purported conflict must be "actual"; the mere possibility of conflict is not sufficient to impugn a criminal conviction. *Sullivan*, 446 U.S. at 350. An "actual conflict" of interest occurs when a lawyer has "inconsistent interests." *Smith v. White*, 815 F.2d 1401, 1405 (11th Cir. 1987) (quoted in *Freund v. Butterworth*, 165 F.3d 839, 859 (11th Cir. 1999)).

A possible, speculative or merely hypothetical conflict does not suffice. *Lightbourne v. Dugger*, 829 F.2d 1012, 1023 (11th Cir.1987). Instead, a petitioner must be able to point to specific instances in the record which suggest an impairment of his interests for the benefit of another party. *See id.* at 1023. Distinguishing actual from potential conflict, the Eleventh Circuit has noted:

> We will not find an actual conflict [of interest] unless appellants can point to specific instances in the record to suggest an actual conflict or impairment of their interests . . . . Appellants must make a factual showing of inconsistent interests and must demonstrate that the attorney made a choice between possible alternative courses of action, such as eliciting (or failing to elicit) evidence helpful to one client but harmful to the other. If he did not make such a choice, the conflict remained hypothetical.

*Smith*, 815 F.2d at 1404 (citation and quotation omitted); *see also Freund*, 165 F.3d at 859. Not only must Ochoa show that an actual conflict existed, but also that the conflict "actually affected the adequacy of his representation." *Sullivan*, 446 U.S. at 348-49. He can prove neither prong here.

This Court should reject Ochoa's attempt to fit his situation under *Sullivan*. The Supreme Court has cautioned against "unblinkingly" applying *Sullivan* to "'all kinds of alleged attorney ethical conflicts,'" *Mickens*, 535 U.S. at 174 (quoting *Beets v. Scott*, 65 F.3d 1258, 1266 (5th Cir. 1995) (en banc))." The Court made clear in *Mickens* that whether *Sullivan* applies beyond multiple concurrent or simultaneous representation cases is "an open question" in that Court and emphasized that the language of *Sullivan* itself does not support its application where the conflict is "rooted in counsel's obligations to *former* clients," or an attorney's personal or financial interests." *Mickens*, 535 U.S. at 174 (calling into doubt *Freund v. Bu*tterworth, 165 F.3d 839, 858 (11th Cir. 1999) which applied *Sullivan* to a successive representation situation involving the defense attorney at trial). *Sullivan* "stressed the high probability of prejudice arising from multiple concurrent representations, and the difficulty of proving that prejudice. . . Not all attorney conflict presents comparable difficulties." *Mickens*, 535 U.S. at 175. The *Sullivan* exception applies only where *Strickland* itself is inadequate to protect a defendant's Sixth Amendment rights, not to enforce the Canons of Ethics. *Micken*s, 535 U.S. at 176. Ochoa does not and cannot allege concurrent representation by conflicted counsel in this case. Perez's representation of Ochoa ended long before his initial appearance and Ochoa enjoyed conflict-free representation from Quinon, Black and Srebnick after Perez was terminated.

Ochoa has not alleged any facts entitling him to relief. This is not a situation in which Ochoa is alleging that any member of his trial team, Roy Black or Howard Srebnick, was operating under a conflict. They were not. Nor can Ochoa manufacture a Sixth Amendment claim by arguing that his former attorney, Joaquin Perez, was operating under a conflict. Perez only engaged in a limited representation while Ochoa was detained in Colombia pending

extradition. Perez never filed a notice of appearance in court on behalf of Ochoa (CRDE:10-1562). Perez never actually appeared in court on behalf of Mr. Ochoa. *Id*. Perez never filed any pleadings on behalf of Ochoa. *Id*. Perez did not represent Ochoa at any pre-trial hearing, trial or sentencing. *Id*. Attorneys Black and Srebnick did. *Id*. Ochoa has alleged no facts to suggest that Perez ever obtained from Ochoa any privileged information. Therefore, Ochoa has failed to establish that he had an actual conflict of interest with Perez. Ochoa did receive conflict-free representation from his trial counsel, attorneys Black and Srebnick. Accordingly, the alleged conflict of interest between Perez and Ochoa could not affect the adequacy of Perez's limited representation of Ochoa, as *Sullivan* requires.

Ochoa has not cited to a single case where a court has found an actual conflict of interest where, as here, the defendant had conflict-free representation at every critical stage of the proceedings from initial appearance and arraignment, during plea negotiations,[4] through trial and sentencing. All of the cases on which Ochoa relies are factually and legally distinguishable because in those cases, *the counsel of record who actually represented the defendant in trial and plea negotiation*, not a former attorney who never entered an appearance, was alleged to be operating under an actual conflict of interests. *Sullivan*, 446 U.S. at 337-38, 350 (attorneys' joint representation of co-defendants at successive trials did not result in actual conflict); *Holloway v. Arkansas,* 435 U.S. 475, 476-81 (1978) (counsel's simultaneous representation of three co-defendants with adverse interests in trial); *Hamilton v. Ford*, 969 F.2d 1006, 1008

---

[4] Attached as Exhibit 2 is an affidavit from AUSA Edward Ryan confirming that Ochoa's trial counsel, Black and Srebnick did, in fact engage in plea negotiations with the government which were ultimately rejected by Ochoa. The affidavit also recounts that, even before Ochoa hired Black and Srebnick, attorney Jose Quinon represented Ochoa in plea negotiations.

(1992) (simultaneous and joint pre-trial and trial representation of defendant and co-defendant with adverse interests); *Ruffin v. Kemp*, 767 F.2d 748, 749-50 (11th Cir. 1985) (counsel represented co-defendants with adverse interests simultaneously at trial and in adversarial plea negotiations); *Baty v. Balkcom*, 661 F.2d 391, 392-93 (5th Cir. 1981) (two attorneys simultaneously and jointly represented co-defendants with adverse interests at trial). In each of the cited cases, the actual trial attorney and counsel of record representing the defendant, not some previous attorney who never entered an appearance, had an actual adverse interest to the defendant. In *Sullivan*, the Court found no Sixth Amendment violation despite the fact that the same lawyers actually represented the defendant and his co-defendants at successive trials because the mere "possibility of conflict is insufficient to impugn a criminal conviction." 446 U.S. at 350.

The reason for the dearth of legal support for Ochoa's claim is that defendants like Ochoa who receive conflict-free representation at every critical stage of the proceedings have no colorable Sixth Amendment claim based on a prior attorney's purported conflict of interest.

**Ochoa's Sixth Amendment Claim is Also Meritless Because He has Failed to Allege Facts Sufficient to Prove That Any of His Counsel Represented a Witness, Hector Londono, Against Him.**

Not only has Ochoa failed to show that his actual trial counsel and counsel of record operated under any conflict at all, but he cannot show that his prior counsel, Perez, represented any witness against him. In his Amended Motion, Ochoa argues that Perez represented a witness against Ochoa, cooperating co-defendant Hector Londono, creating an actual conflict of interest. This claim also lacks any legal or factual merit. The only support that Ochoa posits for this claim is a brief excerpt in Londono's trial testimony which Ochoa argues is proof of an

10

attorney-client relationship between Perez and Londono. This evidence is insufficient and is contradicted by the record.

Attorney Joaquin Perez never represented Hector Londono (CRDE:308; Exhibit1, Affidavit of Joaquin Perez). Perez never filed a notice of appearance on behalf of Londono. *Id.* Perez, never appeared in court on behalf of Mr. Londono. *Id.* Perez never filed any pleadings on behalf of Londono. *Id.* Ochoa has offered no evidence to suggest that Perez ever obtained from Londono any privileged information. In fact, according to the criminal docket sheet, Londono was represented by attorney Glenn Kritzer from initial appearance and arraignment, through a guilty plea and sentencing (CRDE:305-308, 407, 422). Therefore, Perez could not have an actual conflict of interest with Ochoa based on representation of a witness whom Perez never, in fact, represented.

Under cross examination at the trial of this case, Londono described the only contact he had with Perez: "Joaquin Perez went down to La Cathedral on one occasion to visit with Fabio Ochoa and he spoke to me as well." (CRDE:1578:30). Asked by Mr. Black whether Perez told Londono that he could get a specific sentence and an additional Rule 35 reduction of his sentence, Londono replied: "No, the only thing that Joaquin Perez actually said to me is what you have to do is to see if you can make a deal with the Government. Wait until you get there, cooperate and see what happens in the end." *Id.* The Londono testimony reveals that the only contact he had with Perez was one brief conversation. The lack of any substantive evidence of an attorney client relationship between Londono and Perez, contrasted with the extensive record evidence of the representation of Londono by Glenn Kritzer undermines Ochoa's claim that Perez represented a witness against him.

Not only has Ochoa failed to establish that he had an actual conflict with Mr. Perez, but he cannot show that any conflict actually affected the adequacy of his trial representation. Ochoa was represented at trial by attorneys Black and Srebnick, not Perez. Co-defendant Londono was represented, not by Mr. Perez, but by attorney Glenn Kritzer. Ochoa has alleged no facts to suggest that Perez obtained any privileged communication from Ochoa or that Perez shared any such information with Londono. Therefore, Ochoa's claim of a conflict is less than hypothetical. It is fictitious. Having failed to establish the existence of any conflict, much less an actual conflict, Ochoa cannot meet the second *Sullivan* prong, requiring that a conflict of interest actually affected the adequacy of his trial representation. Not only has Ochoa failed to meet the requirements of the *Sullivan* exception, but he has also failed to meet the *Strickland* test: neither Perez nor Ochoa's record counsel committed any unprofessional error arising from a conflict of interest and there is no reasonable probability that but for Ochoa's record counsel's or Perez's alleged error, the result of the proceedings would have been different.

**Ochoa's Sixth Amendment Right to Effective Assistance of Counsel Was Not Violated by Perez's Representation of Nicolas Bergonzoli in Bergonzoli's Separate Criminal Case When Perez Opposed Ochoa's Motion to Unseal Various Documents Filed in that Case.**

Ochoa also argues that Joaquin Perez had a conflict of interest based on his representation of Nicolas Bergonzoli that manifested in two ways: 1) Perez's efforts to oppose Ochoa's motion to unseal records in Bergonzoli's case caused Ochoa to abandon the trial strategy of calling Bergonzoli as a defense witness;[5] and 2) Perez was ineffective in "not attempting to obtain a

---

[5] Ochoa briefly mentions but does not develop any argument in his Amended Motion to Vacate based on the fact that Perez filed a motion to quash a subpoena for Bergonzoli's testimony at Ochoa's trial (CVDE:10-1: 116-17). Ochoa never explains how Perez's motion to

legitimate plea bargain" for Ochoa (CRDE:10-1:118-120).

Ochoa's first argument, is that had Perez not sought to keep sealed Bergonzoli's plea colloquy, it would have caused Ochoa's trial counsel to change their strategy by motivating them to call Bergonzoli as a defense witness based on purported inadmissible hearsay statements of Bergonzoli exonerating Ochoa (CRDE:10-1:118). This is mere speculation.

Perez represented Nicolas Bergonzoli, a drug trafficker who was not a defendant in this case and who the government did not call as a witness. Ochoa has failed to show that Perez's representation of Bergonzoli was related in any way to Perez's limited representation of Ochoa before his extradition. Nor has Ochoa alleged any fact to show that Perez learned any confidential information from Bergonzoli that was relevant to Ochoa's case. Further, Ochoa has alleged no facts to prove that Perez learned any privileged information from Ochoa that he used in representing Begonzoli against Ochoa. In any case, Bergonzoli was neither a witness nor a co-defendant in Ochoa's case, so any purported conflict of interest could not have affected the adequacy of the legal representation Ochoa received from Black and Srebnick.

Ochoa's conclusory allegation that Bergonzoli would have exonerated him if Ochoa called Bergonzoli as a witness at trial is insufficient to prove a Sixth Amendment violation. *Smith*, 815 F.2d at 1405-06 (finding a lack of "inconsistent interests" between an attorney who previously represented a witness against the defendant in an unrelated case). Ochoa's groundless allegation raises less than a "speculative possibility of conflict." *Id*. at 1406.

Ochoa was free to call Bergonzoli as a witness but now claims that he could not decide

---

quash this subpoena, which was never granted, adversely affected Ochoa in any way. *Id*. In fact, Ochoa concedes that *the defense* elected not to call Bergonzoli as a witness in his trial

whether or not to do so without seeing sealed portions of Bergonzoli's file. After this Court unsealed most of the Bergonzoli file, Ochoa decided not to call him as a witness. Ochoa's claim that he chose not to call Bergonzoli, who would purportedly exonerate him, based on a failure to obtain sealed documents is illogical and absurd. If Bergonzoli knew that Ochoa was innocent, then Ochoa would know that and would need no documents to confirm that.

Ochoa's claim is exactly the kind of speculative and merely hypothetical conflict which the Eleventh Circuit has held does not suffice. *Lightbourne*, 829 F.2d at 1023.[6] Ochoa does not, and cannot explain why inadmissible hearsay statements in the form of a transcript or tape recording would make any difference in a trial decision to call a potential witness. Ochoa was best situated to assess whether Bergonzoli would give favorable or unfavorable testimony about Ochoa's crimes. Based on that assessment, trial counsel Black and Srebnick (not Perez) and client Ochoa decided not to call Bergonzoli as a defense witness. Ochoa concedes this fact in his Amended Motion to Vacate. (CVDE:10-1: 117). Ochoa cannot show that this decision constituted an unprofessional error or that there is a reasonable probability that, but for this decision, the result of the trial would have been different.[7] Nor can Ochoa show that Perez had

---

(CVDE:10-1: 117).

[6] Ochoa also briefly mentions without explaining that unsealing documents in the Bergonzoli case would somehow aid him in "an attempt to explore an extortion defense." (CRDE:10-1 at 116). He cannot explain why. Again, this is the type of hypothetical and speculative basis for a conflict claim rejected by the Eleventh Circuit in *Lightbourne*. Unsupported allegations like this one should be rejected summarily without a hearing. *See Tejada v. Dugger,* 941 F.2d 1551, 1559 (11th Cir. 1991) (§ 2254 petitioner not entitled to an evidentiary hearing when claims are merely conclusory allegations unsupported by specifics); *Saunders v. United States,* 278 F. App'x. 976, 978 (11th Cir. 2008) (hearing not required on claims based upon unsupported generalizations).

[7] Even assuming *arguendo*, that Bergonzoli would have testified that, in his opinion,

14

an actual conflict with Ochoa that affected the adequacy of the representation he received from Black and Srebnick at trial.

Ochoa has cited no authority, and indeed there is none, finding a conflict under such attenuated circumstances. On the contrary, even in a case where an actual witness against the defendant was previously represented by defendant's trial counsel, the Eleventh Circuit has found the evidence to be inadequate to prove an unconstitutional conflict of interest. *Smith*, 815 F.2d at 1405-06. The *Smith* court found that trial counsel's prior representation of a government witness against the defendant was insufficient to prove a Sixth Amendment violation without specific evidence of any privileged information learned from the prior client which was relevant to the current client. *Id*. Conversely, even where a defendant's former attorney represented an adverse witness against the defendant in a new trial, a court has found that no Sixth Amendment violation occurred because the defendant's actual trial counsel had no conflict. *McNeal v. United States*, 17 Fed. Appx. 258, *4-5 (6th Cir. 2001). In other words, the fact that McNeal received conflict-free representation from his trial counsel made his conflict claim meritless. Similarly here, the fact that Ochoa received conflict-free representation from his trial counsel makes his conflict claim meritless.

In the instant case, Ochoa cannot even show what the courts in *Smith* found insufficient for a constitutional challenge: that his trial counsel operated under a conflict of interest. Again,

---

Ochoa was "innocent" as Ochoa now claims, Ochoa cannot show that Bergonzoli's opinion would outweigh the overwhelming evidence presented against Ochoa at trial including four cooperating witnesses, wiretap recordings of Ochoa, documentary evidence and video recordings of Ochoa with numerous drug traffickers and money launderers. Thus, Ochoa cannot meet the *Sullivan* requirement to show that an actual conflict adversely affected his trial counsel's performance or that the outcome of the proceedings would have been different under *Strickland*.

Black and Srebnick represented Ochoa at trial; Perez did not. Ochoa's representation from initial appearance through sentencing was conflict-free. Therefore, his claim amounts to less than a "speculative possibility of conflict."

### Ochoa Was Not Deprived of Effective Assistance of Counsel at the Critical Stage of Plea Bargaining

Ochoa's second Bergonzoli conflict argument is similarly meritless. In order to try to establish that Perez actually represented Ochoa, the latter proffers that Perez engaged in plea discussions on Ochoa's behalf with former prosecutor Theresa Van Vliet prior to Ochoa's extradition (CRDE:10-1:119-120). But Ochoa incongruously claims that Perez was ineffective in "not attempting to obtain a legitimate plea bargain" for Ochoa (CRDE:10-1:120). Ochoa cannot have it both ways. Either Perez represented Ochoa and tried to negotiate with prosecutors on his behalf or he did not.[8]

Another problem with Ochoa's argument is that there was never an actual conflict of interest between Perez and Ochoa as a result of Perez's representation of Bergonzoli. At the time Ochoa was awaiting extradition, Bergonzoli and Ochoa did not have adverse interests. They were not even charged in the same indictment. Neither could have agreed to testify against the other because Ochoa had not even had an initial appearance in this district, much less entered a plea. Therefore, the conflict of interest that Ochoa now alleges is speculative and merely hypothetical. *Lightbourne*, 829 F.2d at 1023; *Smith*, 815 F.2d at 1406; *Moss v. United States*,

---

[8] Despite conceding that Perez tried to negotiate a plea on his behalf, Ochoa claims that Perez was not truly negotiating a plea because he was trying to extort Ochoa through Baruch Vega's extortion "Program." Perez has categorically denied and refuted these allegations and Ochoa has alleged no facts sufficient to prove his unsupported allegations. (*See* CRDE:1087:2-6, Exhibit 1).

323 F.3d 445, 470 (6th Cir. 2003) (former attorney who terminated his representation of defendant shortly after arraignment and represented a co-defendant in the same trial did not labor under a conflict of interests that adversely affected his performance even though he did not engage in pre-arraignment plea negotiations on behalf of defendant). Like Moss, Ochoa cannot prove that Perez had a conflict with Ochoa that adversely affected his performance even if Perez had not engaged in pre-arraignment plea negotiations on behalf of Ochoa. Thus, *Moss* is on point with the instant case and dispositive of Ochoa's conflict claim.

A third problem with Ochoa's argument is that, at the critical stage of plea bargaining, Ochoa had already replaced Perez with another attorney, Jose Quinon, Esq. (CRDE:987:64-65; CRDE 1331:17-18; Initial Brief inCA11 Case No 03-11590 at 8; Initial Brief in CA11 Case No. 03-14400 at 9). Thus, Perez was fired before the critical stage of plea bargaining protected by the Sixth Amendment ever began. Ochoa's claim that Perez deprived Ochoa of any chance to negotiate a plea agreement is simply implausible and untrue. In the over three-year period between Perez's firing and Ochoa's trial, Ochoa was vigorously and ably represented in the *Ochoa* Case by at least six attorneys (*see Ochoa* Case docket sheet; CRDE:1468:1). Ochoa's Sixth Amendment right to effective representation in plea bargaining recognized by the Supreme Court was thus fully protected.

Most fundamentally, Ochoa's argument breaks down completely because three attorneys, Quinon, Black and Srebnick, did, in fact, engage in plea negotiations with the government on behalf of Ochoa (Exhibit 2 – Affidavit of AUSA Edward Ryan). These negotiations did not result in a plea agreement with prosecutors because Ochoa maintained his innocence and instead chose to go to trial. *Id*. Therefore, Ochoa cannot meet the *Sullivan* requirement to show that

Perez had an actual conflict with Ochoa that affected the adequacy of the representation he received during the critical stage of plea bargaining. *See Moss*, 323 F.3d at 469-470. Nor can he meet the *Strickland* test to prove any unprofessional error that caused him prejudice.

## Conclusion

Ochoa has failed to meet his burden of proof and this Court should deny Ochoa's Sixth Amendment claim. Accordingly, the government respectfully requests that Ochoa's motion be denied in its entirety based on the existing record without further hearing.

>
> Respectfully submitted,
>
> WIFREDO A. FERRER
> UNITED STATES ATTORNEY
>
> By:   *s/ Ricardo A. Del Toro*
> RICARDO A. DEL TORO
> Florida Bar No. 0957585
> Assistant United States Attorney
> 99 Northeast 4th Street
> Miami, Florida 33132-2111
> Tel: (305) 961-9182
> Fax: (305) 536-4675
> Ricardo.Del.Toro@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed by CM/ECF on September 18, 2014.

>
> *s/ Ricardo A. Del Toro*
> RICARDO A. DEL TORO
> Assistant United States Attorney