## DECLARATION UNDER 28 U.S.C. § 1746

I, Jorge Ivan Gomez Ramírez, under penalty of perjury, do hereby declare as follows:

1. I, Jorge Ivan Gomez Ramírez, am an attorney licensed to practice in Colombia, The events related in this declaration pertain to my work as legal counsel for Hector Mario Londoño Vasquez in relation to a United States drug trafficking prosecution, "Operation Millennium." Londoño had been arrested in Medellin in October 1999. From the moment of the arrest of Londoño, I had served as his legal counsel in those proceedings.

2. In early February 2000, I met with Mr. Nicolas Bergonzoli in the El Poblado district of Medellin, Colombia (at "The Corral," a hamburger-type restaurant). Mr. Bergonzoli advised me at that time that he would be in charge of providing funds to and pay for the defense of Hector Mario Londoño Vasquez as to charges in the United States pertaining to "Operation Millennium."

3. In this meeting, Mr. Bergonzoli represented to me that he had hired Attorney Joaquin Perez to defend the interests of Bergonzoli's friend, Hector Londoño Vasquez, in the United States on charges Londoño faced in Operation Millennium. Bergonzoli advised that he was assuming the responsibility to pay both the attorney fees for Joaquin Perez and my own fees, including for assistance when

1

Perez came to Colombia to visit with Londoño, to assist Perez in obtaining permission to enter the prison and to accompany Perez when he came to Colombia expressly for the purpose of interviewing Londoño.

4. On February 25, 2000, after obtaining permits from the Department of International Affairs, of the Colombian Attorney General's Office, Mr. Perez and I entered the "La Picota" prison and proceeded to the pavilion housing inmates for whom extradition was sought. At that time I presented Mr. Londoño to attorney Perez and the two of them met for approximately one hour in Londoño's cell. After their meeting concluded, Mr. Perez and I then proceeded to the cell of Fabio Ochoa Vásquez, who was awaiting Perez for the same purposes of legal advice. After I introduced them, they met and consulted for approximately one hour.

5. Following these interviews and upon leaving the prison, attorney Joaquin Perez was in possession of Operation Millennium documentation that he obtained from the two incarcerated inmates. I do not recall the specific content of the documents. I should make clear that I met Perez that day, not before. From that point forward, attorney Perez continued his communications with Mrs. Londoño, Maria Helena, addressing everything pertaining to her husband's case until Mr. Londoño was extradited to the United States. Throughout this period, Perez continued to convey the understanding that he was going to be Mr. Londoño's defense attorney in

2

the United States. Perez's communications regarding the representation of Mr. Londoño were effected through telephonic consultations with Mr. Londoño's wife, Maria Helena. And she would obtain information from me, in the course of my representation of her husband on the extradition, so that she could pass that information on to attorney Perez.

6. On December 6 and 7, 1999, I met with a group of Colombian and American lawyers at the Panama City Marriott Hotel in Panama, where we conferred with a number of DEA agents (including Paul Craine and others from Operation Millenium); among those present were, Mr. Baruch Vega and several of those sought for arrest in Operation Millennium, and at the meeting we explored the possibility of a settlement or surrender agreement in what was termed a Drug Trafficker Rehabilitation Program, that was later disavowed and refuted entirely by the United States government.

7. In relation to Mr Alejandro Bernal Madrigal, one of the defendants in Operation Millennium, Mr. Bernal was the one who paid the legal fees for counsel for several of the defendants here in Colombia at the Colombian Supreme Court, and by agreement with counsel, I was the attorney coordinated payments to the other lawyers. Specifically, Mr. Bernal's payment of attorney fees covered the following clients: Hector Mario Londoño Vasquez and Carlos David Barrera Garces, who were

represented by me (Jorge Ivan Gomez Ramírez); Fredy Ivan Ochoa Mejia and Ricardo Pastor Ochoa Ruiz, who were represented by attorney Gilberto Tobon Sanin; and Hermis de Jesús Betancur Rios, represented by attorney Sergio Sierra Gomez. The attorneys' fees in each case were paid by Mr. Bernal, as the clients themselves lacked the resources to pay for their defense.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October __28__, 2014.

Signature: _____
Printed name:    Jorge Ivan Gomez Ramírez